IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CECIL HOWARD a/k/a ALONZO WHITEHEAD, | : |
| Plaintiff | : |
| VS. | : |
| Officer BECIDDY, *et al.*, | : NO. 5:12-CV-399 (MTT) |
| Defendants | : |
| _____ : | **O R D E R** |

On October 9, 2012, Plaintiff **CECIL HOWARD a/k/a ALONZO WHITEHEAD** filed the instant *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has requested leave to proceed *in forma pauperis*.

By Order dated September 24, 2012, the Court dismissed without prejudice a substantially similar lawsuit, ***Whitehead v. Beceddy, et al.***, 5:12-CV-370 (CAR) ("***Whitehead I***"), because Plaintiff had incurred "three strikes" and failed to allege imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).[1] Plaintiff's claims in ***Whitehead I*** were based up an alleged assault by Defendant Officers Beciddy and Glenn and Defendant Lieutenant West, which occurred on May 11, 2012, and Plaintiff

---

[1] Under section 1915(g), the "three strikes rule" of the Prison Litigation Reform Act, "in no event" shall a prisoner bring an *in forma pauperis* civil action or appeal:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

being denied an MRI scan and pain medication for severe headaches resulting from his injuries. The Court concluded that, when Plaintiff filed his complaint on September 17, 2012, he was not under a *present* imminent danger as a result of the May assault and that his mere allegation of severe headaches did not satisfy this exception to the three strikes rule.

In the instant lawsuit, Plaintiff complains that the above three Defendants have attempted to "turn[] a dorm full of inmates" against Plaintiff and have retaliated against him by filing a false disciplinary report and placing Plaintiff in isolation since September 4, 2012. Plaintiff alleges that he has scars on his wrists from being handcuffed in the May incident and received a gash on his wrists in being handcuffed on September 4th. Plaintiff continues to complain of head pain, although he has received an MRI scan. He seeks only monetary damages.

To qualify for the "imminent danger" exception to the three strikes rule, Plaintiff must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." **Brown v. Johnson**, 387 F.3d 1344, 1350 (11th Cir. 2004) (citing **Martin v. Shelton**, 319 F.3d 1048, 1050 (8th Cir. 2003)). The "imminent danger" must be present at the time the complaint is filed, not merely at a prior time. **Medberry v. Butler**, 185 F.3d 1189, 1193 (11th Cir.1999); **see also Heimermann v. Litscher**, 337 F.3d 781, 782 (7th Cir.2003) (imminent danger present where a "genuine emergency" exists and "time is pressing").

The Court has carefully considered the additional allegations made by Plaintiff in the instant complaint and concludes that he continues to fail to allege that he was in

"imminent danger of serious physical injury" when he filed it.  Even if Defendants Beciddy, Glenn, and West retaliated against or otherwise harassed Plaintiff by filing a false disciplinary report and placing Plaintiff in isolation, such actions do not pose a threat of serious physical injury.  Similarly, even if these Defendants attempted to turn other inmates against Plaintiff, he make no specific allegations supporting his actually being in imminent danger as a result.  Indeed, Plaintiff being confined in isolation suggests that he was not under threat of physical injury from other inmates when he filed his complaint.  There is no indication that Plaintiff's physical condition has deteriorated since he filed his complaint in *Whitehead I*, and he has received the MRI scan he therein said was needed.  In any event, none of the Defendants appears to have been involved in the denial of medical care to Plaintiff.

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**.  If Plaintiff wishes to pursue the claims raised herein or in *Whitehead I*, he must file a new lawsuit and pay this Court's $350 filing fee in full.[2]

Plaintiff's motion for appointment of counsel is **DENIED AS MOOT**.

**SO ORDERED**, this 13th day of November, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

cr